UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CYNTHIA G. CLARK,                          )
                         PLAINTIFF,        )
vs.                                        )       CASE NO. 14-CV-682-FHM
                                           )
CAROLYN W. COLVIN, Acting                  )
Commissioner of the Social Security        )
Administration,                            )
                         DEFENDANT.        )

## OPINION AND ORDER

Plaintiff, Cynthia G. Clark, seeks judicial review of a decision of the Commissioner

of the Social Security Administration denying Social Security disability benefits.[1]   In

accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before

a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C.

§ 405(g) is limited to a determination of whether the decision is supported by substantial

evidence and whether the decision contains a sufficient basis to determine that the

Commissioner has applied the correct legal standards.   *See Briggs ex rel. Briggs v.*

*Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

Cir. 1994).   Substantial evidence is more than a scintilla, less than a preponderance, and

---

[1]  Plaintiff Cynthia G. Clark's application was denied initially and upon reconsideration.   A hearing before an Administrative Law Judge (ALJ) Luke Liter was held April 3, 2013. By decision dated April 23, 2013, the ALJ entered the findings which are the subject of this appeal.   The Appeals Council denied Plaintiff's request for review on September 11, 2014.   The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 48 years old on the alleged date of onset of disability and 50 years old on the date of the denial decision. She has received a general equivalency diploma and has past work experience as a certified nursing assistant (CNA). Plaintiff claims to have been unable to work since October 12, 2011 due to back pain, arthritis in both knees, diabetes, depression, and anxiety. [R. 199].

## The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to obesity, diabetes mellitus, anxiety disorder, and major depressive disorder. [R. 14]. The ALJ found that the Plaintiff has the residual functional capacity (RFC) to perform light exertional work except she can occasionally climb ramps and stairs, but not climb ropes, ladders, or scaffolds. She can occasionally balance, stoop, kneel, crouch, crawl, and use foot controls with bilateral lower extremities. She can occasionally drive or operate a motor vehicle, no exposure to hazards such as dangerous moving mechanical parts or unprotected heights,

and she can perform simple, repetitive, routine work with no public contact and only superficial contact with co-workers and supervisors. [R. 16].

The ALJ determined that although Plaintiff cannot return to her past relevant work, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform.  [R. 21-22].  Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in assessing her credibility which affected the RFC determination.

**Analysis**

Plaintiff argues that the ALJ failed to consider her assertions of pain and mental limitations and the extent to which they were disabling and that the ALJ made no specific findings as to these assertions.  Plaintiff is critical of the ALJ's inclusion of boilerplate language in the decision.  [Dkt. 13, p. 5].  There is no merit to Plaintiff's assertion that the ALJ failed to make specific findings as evidenced by Plaintiff's challenges to the ALJ's specific findings.  Further, the Tenth Circuit has made it clear that in the absence of a more thorough analysis, the use of boilerplate language is insufficient to support an ALJ's credibility determination.  However, the Tenth Circuit has made it equally clear that when the ALJ provides specific reasons for his credibility determination and links the credibility determination to the evidence, the presence of boilerplate language will not require remand.

*Cf. Boehm v. Astrue,* 2013 WL 541067 at *2 (10th Cir. 2013)(rejecting the same argument advanced in this case), *Polson v. Astrue,* 2013 WL 238840 at *2 (10th Cir. 2013)(same), *Strickland v. Astrue,* 2013 WL 3935755 at *7 (10th Cir. 2012)(same).

The court finds that the ALJ supported his credibility findings and appropriately related them to the record.  The ALJ pointed out that Plaintiff did not mention complaints of knee and back pain to her doctors that she now claims are disabling, that she has until recently failed to follow prescribed treatment for her diabetes, her testimony was not consistent with statements contained in the medical record, and Plaintiff's work record does not lend credence to her allegations of being unable to work.  The court is able to follow the ALJ's reasoning and finds that the credibility determination has support in the record. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  *Hackett v. Barnhart,* 395 F.3d 1168 1173 (10th Cir. 2005(citation, brackets, and internal quotation marks omitted.)

<u>Knee and Back Pain</u>

Plaintiff argues that the ALJ did not properly address the issue of her back and knee pain.

The ALJ found Plaintiff's allegations of disabling back and knee pain were not credible because the record does not contain any evidence Plaintiff sought treatment for complaints of back and knee pain. Plaintiff was examined by consultative examiner, Dr. Jerry D. First, M.D., in March 2012.  The ALJ noted that Dr. First found some range of motion limitation in back extension and bilateral hip flexion, however, Plaintiff could easily

4

come from a reclining to sitting and sitting to standing position by sitting straight up on the table.  Plaintiff was able to walk four or five steps around the examining room and walk down the 70 foot hallway without difficulty or need of assistive devices.  [R. 19, 344-352].

Concerning Plaintiff's allegations of disabling back and knee pain the ALJ stated:

> It has been alleged the claimant has back and knee pain (4E, 5E, 11E, 12E, and Testimony); however, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable back or knee impairment.  Furthermore, there is no evidence the claimant reported any knee or back pain to her treating physicians, despite receiving treatment for other impairments. Furthermore, there were no reports of any medication side effects to treating physicians (1F-15F).  Accordingly, the undersigned finds the alleged knee impairment, back impairment, and medication side effects not medically determinable.

[R. 15].  The court finds that the ALJ considered appropriate factors in evaluating the credibility of Plaintiff's allegations of disabling back and knee pain. The ALJ set forth the specific evidence he relied upon and his determination on this matter is supported by substantial evidence in the record.

<u>Compliance with Medical Treatment</u>

The ALJ found that Plaintiff's failure to follow prescribed medical treatment reduced her credibility. In this regard, the ALJ noted that the medical records indicate she has uncontrolled insulin dependent diabetes mellitus.  The ALJ also noted that the records indicate she was not taking her diabetic medications or following a prescribed diet and, at one point, it was recorded that Plaintiff was drinking two liters of soda per day.  Plaintiff's testimony that she had been medication compliant for two months was accurately noted to be inconsistent with the medical record. [R. 18].

Plaintiff argues that the ALJ's credibility analysis is a "veiled attempt to deny her benefits for failure to follow medical advice without performing the required analysis." [Dkt. 13, p. 6]. *Social Security Ruling* (SSR) 82-59,[2] 1982 WL 31384, identifies criteria that must be met before benefits can be denied on the basis that the claimant failed to follow medical treatment.  The court finds that the ALJ did not improperly consider Plaintiff's failure to follow treatment as Plaintiff alleges.  The ALJ's decision demonstrates he properly considered Plaintiff's efforts to relieve her alleged symptoms in the context of a credibility determination.  See 20 C.F.R. §§ 404.1529, 404.929.  The ALJ found that despite Plaintiff's noncompliance, there was no evidence of end organ damage, all foot examinations were normal, Plaintiff denied vision changes or fatigue, there were no reports of neuropathy to physicians, and physical examination revealed no sensory deficits.  [R. 18].  These findings are supported by substantial evidence.

Plaintiff asserts that the ALJ inconsistently recognized her diminished concentration on the one hand, and on the other hand criticized her ability to follow treatment because of this diminished concentration.  [Dkt. 13, 7].  The court finds that the ALJ did not find that Plaintiff's noncompliance and her mental impairments were related.  Plaintiff did not point to anything in the record linking Plaintiff's noncompliance with treatment to her lack of concentration, or to any other mental impairment.  Further, the record discloses that

---

[2] SSR 82-59, 1982 WL 31384 addresses the situation where:

> An individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which the Social Security Administration (SSA) determines can be expected to restore the individual's ability to work, cannot by virtue of such "failure" be found to be under a disability.  (See discussion below for title XVI "blindness" cases.)

SSR 85-59 does not apply to this case.  The ALJ did not find Plaintiff to be disabled.  The ALJ did not deny benefits because Plaintiff did not follow prescribed treatment.

Plaintiff was compliant with her medications at least for a two week period. [R. 447]. The court finds no error in the ALJ's treatment of Plaintiff's noncompliance with medical treatment.

Support for Credibility Findings

The ALJ found that Plaintiff's responses while testifying were inconsistent with the record at times, leaving the impression that Plaintiff may have been less than candid about her activities of daily living. The ALJ pointed to instances in the record that conflicted with Plaintiff's testimony about her ability to leave the house, shop by herself, and drive. [R. 20]. Plaintiff's argument that the ALJ's determination that Plaintiff's testimony was inconsistent with the record in these respects is not supported by the record.

Plaintiff argues for a different interpretation of her testimony in relation to the record. The court may not reweigh the evidence. See *Rabon v. Astrue,* 464 Fed.Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)). The possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007)(quoting *Zoltanski v. F.A.A.,* 372 F.3d 1195, 1200 (10th Cir. 2004)).

In any event, even if the ALJ wrongly interpreted the record about Plaintiff's activities of daily living, those were not the sole reasons for the ALJ's credibility determination. Plaintiff's testimony that she had been compliant with her medications for two to three months is inconsistent with the medical records dated just a month before the hearing. [R. 18]. Plaintiff's testimony that neuropathy is a continued problem is inconsistent with no reports of neuropathy in the record. *Id.* Plaintiff's testimony about back and knee pain is

7

inconsistent with the medical record. [R. 15].  The court finds that in making the credibility determination, the ALJ considered appropriate factors and the determination is supported by substantial evidence.

Plaintiff asserts the ALJ interjected his nonmedical opinion into the decision when the ALJ stated that psychiatric treatment notes continued to show an improvement of symptoms. [R. 19].  According to Plaintiff, this statement is inappropriate because no treating or examining medical professional made such an assertion. [Dkt. 13, p. 13].  The ALJ is not precluded from making observations based on a review of the medical record. The record reflects ups and downs, but supports the ALJ's statement.  On April 2 and April 16, 2012, Plaintiff reported doing better on medication. [R. 399-400].  On October 11, 2012, Plaintiff reported feeling better, [R. 437], and feeling less stressed on October 29, 2012. [R. 438].  On December 17, 2012, Plaintiff's therapist reported she seemed to be doing well at the moment. [R. 445].

In summarizing the medical record, the ALJ noted Plaintiff was "only diagnosed with a moderate depressive disorder."  Plaintiff argues that the ALJ was apparently attempting to diminish Plaintiff's testimony regarding her psychological impairments.  In fact, in the exhibit the ALJ cited in support of his comment (Exhibit 6F), the diagnosis is: "Major Depressive Affective Disorder, Recurrent Episode, Moderate Degree." [R. 399, 400, 401]. The court finds that the ALJ did not unfairly characterize Plaintiff's mental diagnosis.

## CONCLUSION

The court finds that the ALJ evaluated the record in accordance with the legal

8

standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 17th day of March 2016.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

9